**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 04-cv-02066-REB-PAC

MARCUS JOHNSTON,

    Plaintiff,

v.

FOOTHILLS II EXCAVATING & UTILITIES, INC., and
FRONT RANGE II EXCAVATING & UTILITIES, INC.,

    Defendants.

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

**Blackburn, J.**

The matter before me is plaintiff's **Motion for Entry of Default Judgment** [#32], filed July 13, 2005. By this motion, plaintiff seeks the entry of a judgment of default pursuant to Fed.R.Civ.P. 55(b)(2) against the remaining defendants in this case, as well as an award of statutory damages, attorney's fees, and costs. I grant the motion.

Plaintiff served a copy of his First Amended Complaint on defendants Foothills II Excavating & Utilities, Inc. and Front Range II Excavating & Utilities, Inc. on March 1, 2005. Defendants have failed to answer or otherwise respond to the complaint within the time permitted by law, and thus have admitted the factual allegations of the complaint other than those relating to damages. *See* **FED.R.CIV.P**. 8(d); *see also* ***Burlington Northern Railroad Co. v. Huddleston***, 94 F.3d 1413, 1415 (10th Cir. 1996). Accordingly, they have conceded that they failed to timely notify plaintiff of his right to a continuation of benefits under his employer's medical insurance plan following

the termination of his employment.  The failure to apprise an employee of such rights constitutes a violation of the Employee Retirement Income Security Act of 1974 ("ERISA").  *See* 29 U.S.C. §§ 1132(c)(1), 1166(a)(4), & 1163(2).  Entry of default pursuant to Fed.R.Civ.P. 55(a) was made by the Clerk of the Court on April 19, 2005.  Plaintiff therefore is entitled to default judgment against these defendants.

As provided by section 1132(c)(1) of ERISA, plaintiff is entitled to statutory damages of up to $100 per day for the time period during which the violation occurred.  The affidavits appended to the motion show that plaintiff should have been advised of his rights to continue his medical insurance benefits on or before February 8, 2003, but did not receive such notice until July 10, 2003, a period of 152 days.[1]  He therefore is entitled to statutory damages in the amount of $15,200.

Plaintiff also requests attorney's fees of $3,402.00 and costs of $159.27.  ERISA allows that "a court in its discretion may allow a reasonable attorney's fee and costs of the action to either party."  29 U.S.C. § 1132(g)(1).  The award of fees under the statute is discretionary, and fees should not be awarded "as a matter of course."  ***Gordon v. United States Steel Corp.***, 724 F.2d 106, 108 (10th Cir. 1983); ***Hammers v. Aetna Life Insurance Co.***, 962 F.Supp. 1402, 1406-07 (D. Kan. 1997).  In determining whether to award fees, I must consider, "among others," the following five factors:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to personally satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter

---

[1] Plaintiff has miscalculated the period as 162 days.  (*See* Plf. Motion for Default Judgment at 3, ¶ 8 [#32], filed July 13, 2005.)

>others from acting under similar circumstances; (4) whether
>the parties requesting fees sought to benefit all participants
>and beneficiaries of an ERISA plan or to resolve a
>significant legal question regarding ERISA; and (5) the
>relative merits of the parties' positions.

*Gordon*, 724 F.2d at 109.  These factors are merely guidelines, and no single factor is dispositive.  *McGee v. Equicor-Equitable HCA Corp.*, 953 F.2d 1192, 1209 n.17 (10th Cir. 1992).

Some of these factors are difficult to adequately judge in the context of a default judgment.  Nevertheless, defendants' failure to appear or defend in this action can rightfully be construed as a form of bad faith, and, given defendants' admission of the facts of the complaint, plaintiff clearly has a meritorious claim for relief under ERISA.  *See Vescom Corp. v. Merrion Reinsurance Co.*, 283 F.Supp.2d 304, 306-07 (D. Me. 2003).  Moreover, an award of attorney's fees in this case would encourage other employers to be diligent in complying with their notification obligations under ERISA.  I therefore conclude that an award of attorney's fees and costs is appropriate, and further find that the requested fees and costs are necessary and reasonable within the context of this case.

**THEREFORE, IT IS ORDERED**, as follows.

1. That plaintiff's **Motion for Entry of Default Judgment** [#32], filed July 13, 2005, is **GRANTED**;

2. That default judgment **SHALL ENTER** on behalf of plaintiff, Marcus Johnston, and against defendants, Foothills II Excavating & Utilities, Inc. and Front Range II Excavating & Utilities, Inc., as to all claims and causes of action asserted in this

lawsuit;

      3.  That plaintiff is **AWARDED** statutory damages in the amount of $15,200.00;

      4.  That plaintiff is further **AWARDED** post-judgment interest pursuant to 28 U.S.C. § 1961 from the date of this order until the judgment is fully paid,; and

      5.  That plaintiff is **AWARDED** attorney's fees in the amount of $3,402.00 and costs in the amount of $159.27.

      Dated January 13, 2006, at Denver, Colorado.

      **BY THE COURT:**

      **s/ Robert E. Blackburn**
      **Robert E. Blackburn**
      **United States Magistrate Judge**